Filed 5/4/23  P. v. Tucker CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B324375 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA458694) |
| v. | |
| KEISHA TUCKER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ray G. Jurado, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Keisha Tucker appeals from a judgment that sentences her to 15 years to life in state prison following her plea of no contest to second degree murder. Tucker's appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Tucker has filed a supplemental letter brief indicating she did not wish to pursue her appeal. We therefore dismiss the appeal as abandoned.

### *FACTUAL AND PROCEDURAL BACKGROUND*

On June 27, 2017, Tucker set several fires at a transitional living facility where 17-year-old Elijah Robinson and his older brother, Marquise Larrimore, lived. Robinson died in the fire. Tucker was charged by information with murder (count 1; Pen. Code, 187, subd. (a)) and arson of an inhabited structure (count 2; § 451, subd. (b)).

The criminal proceedings against Tucker were twice suspended when a doubt was expressed concerning her competency to stand trial pursuant to Penal Code section 1368. The proceedings were reinstated after Tucker was treated and the court found Tucker competent. Tucker ultimately pleaded no contest to second degree murder. The trial court sentenced her to 15 years to life pursuant to the plea agreement reached by the parties. Counsel for Tucker timely filed a notice of appeal.

We appointed counsel to represent Tucker on appeal. Her appointed counsel filed a *Wende* brief, in which no issues were raised. The brief included a declaration from counsel that he had reviewed the record and sent Tucker a letter advising her that such a brief would be filed and she could file a supplemental brief. On February 22, 2023, this court also sent defendant a letter advising her that a *Wende* brief had been filed and that she

had 30 days to submit a brief raising any issues she wanted this court to consider.

On February 26, 2023, Tucker submitted the following letter to the court: "Why am I broke? I did not appeal my case. I just [want] my restitution. If I'm say[ing] it right or spelling it right. Pleas[e] let me know. I have all these paper from your office. I [am] requesting help with the print." Because Tucker has indicated she does not want to pursue her appeal, we dismiss the matter as abandoned. (See Cal. Rules of Court, rule 8.316(a) ["An appellant may abandon the appeal at any time by filing an abandonment of the appeal signed by the appellant or the appellant's attorney of record."].)

Nonetheless, we have examined the entire record and are satisfied that Tucker's attorney fully complied with his responsibilities and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra*, 25 Cal.3d 436.)

### *DISPOSITION*

The appeal is dismissed.

RUBIN, P. J.

WE CONCUR:

MOOR, J.

KIM, J.

3